IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02921-WYD-MEH

LYNN PEAK PRODUCTIONS,

      Plaintiff,

v.

DOES 1-26,

      Defendants.

---

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on November 20, 2013.**

Before the Court is a Motion to Quash or Modify Subpoena [filed November 18, 2013; docket #11] filed by Doe Defendant who has identified himself as "75.163.161.217." The Court presumes the identification number is an IP address, which corresponds with Defendant Doe #13. The Court will refer to the Defendant in this minute order as Doe #13. The Motion is **denied without prejudice** as follows.

Doe #13 has failed to comply with Fed. R. Civ. P. 11(a), which states in pertinent part,

Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number.

To the extent Doe #13 seeks to proceed in this litigation anonymously, he has failed to properly seek permission from the Court to do so. *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment"). If Doe #13 wishes to re-file his motion in accordance with this order and all applicable local and federal court rules, he may do so **on or before December 4, 2013** and must

first (or contemporaneously) file a motion to proceed anonymously in accordance with Rule 11(a).[1] With such filing, Doe #13 must provide to the Court his name, address, telephone number and email address in the form of a separate written "supplement" to the motion.  If Doe #13 wishes to keep this supplement (containing his identifying information) confidential, he may file a motion to file the supplement under restriction pursuant to the procedure set forth in D.C. Colo. LCivR 7.2.  The Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.

---

[1]In addition to compliance with Rule 11, the Court also notes the necessity of having such information for the proper and efficient management of its docket.